IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD PARMELEY *and* SARA
PARMELEY, *individually, and* SARA
PARMELEY, *as mother and next friend of*
LANDON PARMELEY, *a minor,*

    Plaintiffs,

v.

FLEETWOOD HOMES, INC., a Cavco
Company, FLEETWOOD ENTERPRISES,
INC., *and* MT. VERNON DREAM
HOMES/FREEDOM HOMES-MT.
VERNON,

    Defendants.

Case No. 3:12-cv-00199-JPG-PMF

## MEMORANDUM & ORDER

This matter comes before the Court on the plaintiffs' Richard Parmeley and Sara Parmeley (in her individual capacity and as next friend of Landon Parmeley, a minor) (hereinafter "Parmeley"), Motion to Remand (Doc. 10) and memorandum in support (Doc. 11). Defendant CMH Homes (improperly named as "Mt Vernon Dream Homes/Freedom Homes-Mt. Vernon, and hereinafter "CMH") has filed a response in opposition (Doc. 14).

### Background

Parmeley filed this action in the Second Judicial Circuit Court in the county of Jefferson, Illinois on January 17, 2012 (Doc. 2). The suit was filed against three defendants, Fleetwood Homes, Inc., Fleetwood Enterprises, Inc., and Mt. Vernon Dream Homes (CMH). For jurisdictional purposes, CMH is a citizen of Tennessee, Fleetwood Homes, Inc. is a citizen of Delaware and Arizona, and Fleetwood Enterprises, Inc. is a citizen of Delaware and California.

1

There is no disagreement over the citizenship of the defendants. The plaintiffs are all citizens of Illinois.

Parmeley's complaint stated fifteen counts based upon negligence, products liability, and breach of contract. In support of these counts, Parmeley alleged they purchased a manufactured home on May 22, 2009 from CMH. The home was delivered and installed by employees of Fleetwood Homes, Inc. and/or CMH in August of 2009. In January of 2010, Richard and Sarah Parmeley noticed the block foundation for the home was wet and two days later an employee of Fleetwood Homes, Inc., and/or CMH came to the home. The employee determined there was a supply line leaking in the utility room and tightened the fittings on that line. On May 22, 2010, the Parmeleys then saw water leaking on the floor in the master bathroom where the bath tub meets the wall along the baseboards, under the walls into the kitchen and laundry room. The same day, an employee of Fleetwood Homes, Inc., and/or CMH came to the home, removed a panel from the wall and determined a pipe to the shower was leaking. The pipe also caused damage throughout the home and had caused mold to grow behind walls located in the master bathroom, laundry room, and kitchen. At this time, Sara and Richard Parmeley were sneezing and had congestion with scratchy throats from the mold and Landon Parmeley developed respiratory problems which required medical treatment. The Parmeleys seek "in excess of fifty-thousand dollars" in compensation.

CMH was served on February 10, 2012. Fleetwood Homes was served on February 21, 2012 and did not return the service of process until March 15, 2012. Fleetwood Enterprises has not been served in this case. CMH filed a Notice of Removal on March 2, 2012 (Doc. 2). In the notice, CMH alleges complete diversity and that the amount in controversy will exceed seventy-five thousand dollars. Parmeley then filed a motion to remand (Doc. 10). In his motion, Parmeley

alleges CMH has not proven the amount in controversy will exceed seventy-five thousand dollars and that the notice of removal was improper because all the defendants did not consent. CMH argues that the notice was proper because the other two defendants had not filed a return of service and did not do so before the removal period ran. It further argues Parmeley did not properly serve Fleetwood Homes and therefore CMH was not required to get its consent. Finally, CMH states Fleetwood Enterprises is in Chapter 11 Bankruptcy.

## Analysis

A. Fleetwood Enterprises Bankruptcy

CMH informs the Court that Fleetwood Enterprises entered bankruptcy. CMH goes on to discuss the relationship between Fleetwood Enterprises and Fleetwood Homes. Fleetwood Homes allegedly purchased the assets of Fleetwood Enterprises upon Fleetwood Enterprises' filing of bankruptcy. CMH argues that because Fleetwood Homes purchased the assets "free and clear of all claims and liens," CMH was not allowed to contact Fleetwood Homes because the suit against it is invalid. The Court will address the impact of Fleetwood Enterprises' bankruptcy but will not address the claim Fleetwood Homes is immune from suit. Fleetwood Homes itself may assert that in a Motion to Dismiss but it is inappropriate for a Motion to Remand. The Court finds no merit to the argument CMH could not contact Fleetwood Homes without violating the Bankruptcy Court's Order the purchase was made free of all claims. CMH was not making a claim against Fleetwood Homes but rather would have been communicating about a claim a separate party (Parmeley) made against both of them.

The filing of a bankruptcy petition imposes an automatic stay under section 362 of the Bankruptcy Code. 11 U.S.C. § 362. This automatic stay applies to the party in bankruptcy. The construction of Chapters 11 and 13 of the Bankruptcy Code support the proposition that

Congress did not envision or intend the automatic stay of proceedings to be available to solvent co-defendants of a Chapter 11 debtor. *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1198 (Ohio 1983). "Not only is the absence of any expansion of the scope the stay in Chapter 11 probative of congressional intent but, further, the pronouncement which does appear in Chapter 13 is extremely limited; it applies only to co- *debtors* rather than, as in the action at bar, co-*defendants* of the petitioner." *Id.* Accordingly, the Court finds Congress did not intend the § 362 stay to be utilized in a manner other than for the purpose of protecting the debtor and its estate. *See also Pitts v. Unarco Industries, Inc.,* 698 F.2d 313 (7th Cir.1983).

The solvent co-defendants (Fleetwood Homes and CHM) do not fall within the judicial classification of the Chapter 11 debtors as "indispensable" so as to mandate a stay of proceedings under Rule 19, Fed.R.Civ.P. It is well established that joint tortfeasors are not indispensable parties in the federal forum. *See Field v. Volkswagenwerk-AG,* 626 F.2d 293, 298 n. 7 (3d Cir.1980); *Herpich v. Wallace,* 430 F.2d 792, 817 (5th Cir.1970); *Royal Truck and Trailer v. Armadora Maritime Salvadorena,* 10 B.R. 488 (N.D.Ill.1981). Since the complaints at bar allege mold occurred in the house which was a product of both the solvent co-defendants and the insolvent Fleetwood Enterprises, Inc., the Chapter 11 debtors are joint tortfeasors and not indispensable. *See also, In re Related Asbestos Cases,* 23 B.R. 523 (N.D.Cal.1982); *Austin v. Unarco Industries, Inc.,* 705 F.2d 1 (1st Cir.1983).

The Court takes judicial notice of Fleetwood Enterprises, Inc.'s bankruptcy and will stay proceedings only as to Fleetwood Enterprises, Inc., and will continue as to CMH and Fleetwood Homes. Fleetwood Homes is free to file a motion to dismiss based upon it contractual obligations with Fleetwood Enterprises.

B. Consent

When a case is removed from state court to federal court under 28 U.S.C. § 1441, all served defendants must join in the notice of removal. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). However, it is not enough for the removing defendants to say in their notice simply that all the other defendants do not object to removal. *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *overruled in part on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). All defendants must join in the motion by supporting it in writing. *Id.*

The Supreme Court has created some question about the necessity of meeting technical removal requirements. In *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76-77 (1996), the Supreme Court held that a procedural defect existing at the time of removal but cured before judgment pursuant to a jury trial is not grounds for a court of appeals to reverse a district court's judgment and remand to state court. *Id.* at 76-77. The Supreme Court reasoned that such remands after entry of judgment would impose an exorbitant cost on the federal and state court systems and the administration of justice. *Id.* at 77. Nevertheless, the *Caterpillar* court reminded district courts, "The procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed," and rejected the assumption that district courts would not understand or would balk at applying removal rules. *Id.* at 77.

Section 1448 states:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. "In a multiple-defendant case, a properly-served defendant need not join in his notice of removal defendants who have not been properly served." *Phoenix Container, L.P.*

5

*ex rel. Samarah v. Sokoloff,* 83 F.Supp.2d 928, 933 (N.D.Ill. 2000) If a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may accept the removal or exercise its right to motion to remand. *See* 28 U.S.C. § 1448. In a similar case from the Northern District of Illinois, one defendant removed the action to federal court and the plaintiff sought to remand on the basis both the defendants had not joined. *Pianovski v. Laurel Motors*, 924 F. Supp. 86 (N.D. Ill. 1996). The Court remanded the action because the return of service on the second defendant was indeed filed the day before the notice of removal was filed. *Id.* at 87. The Court stated "If [the second defendant] was not served, then Laurel's notice of removal would be valid. Mr. Pianovski served [the second defendant] on January 18, 1996, however, and filed the proof of service on February 8, 1996, one day before Laurel filed its notice of removal." *Id.*

Here, CMH argues that although Fleetwood Homes was served on February 21, 2012, the return of service was not filed until March 15, 2012. This was more than three weeks after the original service date and more than two weeks after CMH filed the Notice of Removal. CMH argues that had it waited for the return of service to be filed to know Fleetwood Homes was a served defendant and obtain its consent, the time to remove would have expired. The Court and the relevant case law agree with CMH. Had the return of service been filed even one day prior to the notice of removal, CMH's removal would be improper. However, in this case CMH was the only party where service was perfected and had to remove the action within the proper time frame. *See Pianovski,* 924 F. Supp. 86; *see also, Doe v. Sunflower Farmers Markets, Inc.,* 2011 WL 64311396 (D. N.M. Dec. 13, 2011)(holding "because Defendants Sunflower and Garcia had no basis to conclude Defendant Garcia was a "served" defendant at the time of removal, they were not obligated to include him and secure his consent.").

The Court finds that CMH's notice of removal was proper because the return of service was not yet filed as to the other defendants. Fleetwood Homes may file its own motion to remand consistent with 28 U.S.C. § 1448 if it does not wish this action to be in federal court.

C. Amount in Controversy

Finally, Parmeley argues CMH has not sufficiently alleged an amount in controversy over $75,000 as required for diversity jurisdiction. CMH, as the party seeking to invoke federal jurisdiction, bears the burden of demonstrating that the amount in controversy requirement is met. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). It may do this by presenting evidence to prove that there is a reasonable probability that the amount in controversy exceeds $75,000. *Rising-Moore*, 435 F.3d at 815; *Chase*, 110 F.3d at 427. In removal cases based upon diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). Thus, in this case, CMH must show that there is a reasonable probability that more than $75,000 was in issue at the time it filed its notice of removal on March 3, 2012.

The operative complaint alleges damages in the amount "in excess of $50,000.00." The Parmeleys seek damages for Richard and Sara's injuries and allergic reactions to the mold. They also seek sustained personal injuries as to their son for respiratory problems which required medical treatment and caused pain and suffering in the past and will cause future pain and suffering. The Parmeleys further allege they have spent large sums of money to treat their son and he has sustained disability or loss of a normal life and will continue to sustain loss of a normal life in the future. In addition to these expenses, the Parmeleys are seeking damages for the home itself including property damage, water and mold damage, and cost of repair. Based

upon the record, Court has no trouble finding these expenses could reasonably exceed $75,000.00. The Parmeleys did not stipulate their damages were less than $75,000.00. The Court therefore finds that CMH has properly pled the requirements for removal.

## **CONCLUSION**

The Court **DENIES** Parmeley's Motion to Remand (Doc. 10).

**IT IS SO ORDERED.**
**DATED:** May 29, 2012

                                              s./ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**